**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND, and JOSEPH M. BAKES, JUAN C. CAMPOS, KENNETH J. EMANUELSON, GREGORY R. FOSTER, DUANE MATTINGLY, WILLIAM W. GIANARAS, DAN THOMAS, and MATTHEW J. WILIM, as Trustees, <br><br> Plaintiffs, <br><br> vs. <br><br> PEET FRATE LINE, INC., an Illinois corporation, <br><br> Defendant. | No. 25-cv-1164 <br><br> Judge Joan B. Gottschall <br><br> Magistrate Judge Keri Holleb Hotaling |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AND JUDGMENT**

Pursuant to the Court's April 2, 2025, Order (ECF 10), Defendant Peet Frate Line, Inc. ("Peet Frate") hereby submits the following Response In Opposition to Plaintiffs' Motion for Entry of Default and Judgment (ECF 7) ("Motion"):

**INTRODUCTION**

While it is true that Peet Frate has yet to answer the Complaint, Plaintiffs' Motion should be denied because Peet Frate's failure to respond was caused by the inadvertent failure of its registered agent to alert Peet Frate of this suit. Upon receiving the Complaint, Peet Frate promptly engaged counsel and appeared, and Peet Frate is now prepared to respond to the Complaint. Moreover, the docket reflects that there has been no entry of a formal finding of default and the parties previously settled the bulk of Plaintiffs' disputed claims, which obviates the need for any entry of judgment. In fact, Peet Frate is asking the Court to enforce the terms of the parties'

contractually binding settlement agreement in its Answer and Affirmative Defenses, which it is seeking leave to file concurrently with this Response to Plaintiffs' pending Motion.

## LEGAL STANDARD

While Seventh Circuit precedent on this issue is scarce, other federal courts have noted that "An opposition to a motion for default judgment is evaluated under the same standards that apply to a Rule 55(c) motion to set aside an entry of default." *United States Fidelity & Guaranty Co. v. Petroleo Brasileiro S.A.*, 220 F.R.D. 404, 406 (S.D.N.Y. 2004) (citing *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994); *accord Vick v. Wong*, 263 F.R.D. 325, 329 (E.D. Va. 2009). Federal Rule of Civil Procedure Rule 55(c) states that a "court may set aside an entry of default for good cause." This standard requires the defendant to show "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). "The standard for good cause under Rule 55(c) is lenient, particularly where, the Clerk has not entered default, and default has not yet been finalized." *Lilly v. Spiegel*, No. 3:24-cv-01408-GCS, 2024 U.S. Dist. LEXIS 143223, at *4 (S.D. Ill. Aug. 12, 2024). Moreover, the Seventh Circuit has articulated a "policy of favoring trial on the merits over default judgment." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009).

## RELEVANT FACTUAL BACKGROUND

Beginning in early January of 2025, Plaintiffs and Peet Frate Vice President Colleen Mullen engaged in discussions regarding the alleged delinquent payments at issue in this case. See Affidavit of Colleen Mullen ("Mullen Affidavit") attached hereto as **Exhibit A**, ¶ 11. In the midst of these discussions and without Peet Frate's knowledge, Plaintiffs filed their Complaint on February 3, 2025. Mullen Affidavit, ¶¶ 5, 11. Plaintiffs served Jonathan Karnan, a partner at the Crystal Lake, Illinois law firm that serves as Peet Frate's registered agent, with process on

February 4. ECF 7. However, the registered agent law firm failed to inform Peet Frate of the suit. Mullen Affidavit, ¶ 6.

With no knowledge of the Complaint, Peet Frate continued its good faith attempts to resolve the dispute with Plaintiffs. On February 24, the parties agreed to settlement terms and a payment plan, and Peet Frate remitted the down payment to which the parties had agreed. Mullen Affidavit, ¶¶ 11, 12. Plaintiffs' counsel told Mullen that she would prepare and send a document memorializing the terms of the settlement. Mullen Affidavit, ¶ 13. But Plaintiffs never sent a written settlement agreement; instead, they attempted to unilaterally change the agreed-upon terms, thereby breaching the parties' agreement (Mullen Affidavit, ¶ 15) and filed the instant Motion for Default on March 31. ECF 7. The Court ordered that any response in opposition to the Motion was to be filed by April 16, 2025. ECF 10.

On April 3, Mullen first learned of the Plaintiffs' Complaint during a phone call with Mark Saladin, Peet Frate's primary contact at the registered agent law firm, and on April 4, Saladin forwarded the Complaint to Mullen. Mullen Affidavit, ¶ 6. On April 7, Plaintiffs served this Court's April 2, 2025, Order on Peet Frate's registered agent. *See* ECF 12.[1] That same day, Mullen emailed the registered agent asking, "Can you tell me, if your office was served in February, why we were never notified of a pending lawsuit?" Mullen Affidavit, ¶ 7. The registered agent replied that he had relocated to North Dakota, that he "was not in the office when it was served," and that the summons and complaint had apparently "slipped through the cracks" following its delivery to Mr. Karnan by a process server. Mullen Affidavit, ¶ 8.

---

[1] Plaintiffs' service of the Order was required to be completed with an affidavit of service by April 4, 2025. (ECF 10 and 11).

Peet Frate immediately sought and engaged counsel, and on April 7, counsel for Peet Frate contacted Plaintiffs' counsel seeking agreement on an extension of time to respond to the Motion and Complaint, through and until May 23, 2025. Mullen Affidavit, ¶ 10. Later that day, Plaintiffs' counsel responded that Plaintiffs would not agree to any extension. *Id*. Counsel for Peet Frate appeared in this case two days later on April 9, 2025. *Id*. There does not appear to be an entry or finding of default on the docket as of the filing of this Response.

## ARGUMENT

I. **The Rule 55 Standard Is Met In This Case**

    A. **Peet Frate's Failure To Answer Was The Result Of The Registered Agent's Failure to Inform Peet Frate of Service of the Complaint**

As noted above, Peet Frate's failure to timely answer or otherwise plead is entirely the result of the registered agent's lack of communication with Peet Frate. The registered agent failed to promptly inform Peet Frate that it had been served with the summons and Complaint in this case in February. In fact, it was not until April 3, 2025, that they finally notified Peet Frate of the action. Mullen Affidavit, ¶ 6. This spurred an immediate response from Peet Frate, which sought counsel and appeared in the intervening 8 days. Mullen Affidavit, ¶ 9.

In similar circumstances, the Seventh Circuit affirmed the vacatur of an order of default under Rule 55. In *Cracco v. Vitran Express, Inc.*, 559 F.3d 625 (7th Cir. 2009), the plaintiff served the registered agent of the defendant, and the defendant failed to timely answer or plead. The district court entered default, but defendant subsequently appeared and explained that its registered agent had forwarded the summons and complaint "to employees [of defendant] who did not understand their significance." 559 F.3d at 629. The district court vacated the prior entry of default, and plaintiff appealed. *Id*.

- 5 -

The Seventh Circuit applied the Rule 55 factors and affirmed, holding that there was no "serious contention" as to whether defendant had shown good cause and acted quickly to correct its failure to answer. *Id*. at 631. The Court explained that defendant "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence," *i.e.*, its unintentional receipt of the complaint and summons through employees who did not understand their legal significance. *Id*. The Court acknowledged that defendant "should have taken measures to ensure that service of process on its registered agent was forwarded to the appropriate employee," but nonetheless found that defendant's obvious lack of intent to ignore the action was sufficient to show that good cause existed under Rule 55. *Id*.

The Seventh Circuit, applying Rule 55, has reached the same conclusion in several other cases where miscommunications with registered agents or insurers similarly caused an inadvertent failure to timely answer or otherwise plead. *Norman v. City of Lake Station*, 845 F. App'x 459, 460 (7th Cir. 2021) (affirming vacatur of entry of default where "complaint and summonses were received [via mail] but never delivered to the proper officials" by mailroom staff); *Parker v. Scheck Mechanical Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) (affirming vacatur of default where answer was not timely filed due to defending insurer's mislabeling of action as one "as 'to be monitored' rather than 'in litigation'"). The result should be the same here where Peet Frate did not receive the Complaint until after the deadline for responding had passed. Plaintiffs' Motion should be denied, and the Court should decline to enter default or judgment against Peet Frate.

**B.  Peet Frate Acted Promptly To Remedy The Error**

Peet Frate also fulfilled the second requirement under Rule 55 by moving quickly to fix the mishap. Upon learning of Plaintiffs' Motion and the Complaint on April 3, 2025, Peet Frate immediately took action. Indeed, by April 7—just four days later—Peet Frate had engaged counsel, who had reached out to Plaintiffs' counsel and inquired about extending Peet Frates'

deadlines to respond to the Motion and the Complaint. Mullen Affidavit, ¶¶ 9, 10. Plaintiffs' counsel denied this request. Mullen Affidavit, ¶ 10. Counsel for Peet Frate then filed their appearances on April 9, six days after Peet Frate learned of the existence of the Complaint. *Id*. And with the filing of this Response, Peet Frate has resisted Plaintiffs' Motion within 12 days of its filing and prior to the Court-ordered deadline of April 16. ECF 10.

Such prompt, good-faith efforts to participate in litigation have been found to be sufficient to vacate default judgments under Rule 55. *Norman*, 845 F. App'x at 460 (7th Cir. 2021) (finding the "quick action" prong of Rule 55 to be met because "once made aware of the case…the defendants obtained counsel, filed appearances, and moved to vacate the default in less than two weeks"); *Cracco*, 559 F.3d at 631 (7th Cir. 2009) (finding that defendant "acted in a timely fashion" upon learning of the action because it had moved to vacate the default eight days after its entry); *Lilly v. Spiegel,* No. 3:24-cv-01408-GCS, 2024 U.S. Dist. LEXIS 143223, at *7 (S.D. Ill. Aug. 12, 2024) (moving to vacate default after "less than two weeks" upon "learning about the lawsuit's existence…qualifies as quick action."). In fact, "[d]elays of five weeks to five months have been found to be 'quick action' in various contexts." *Id*. Peet Frate reacted in far less time than five weeks. Plaintiffs' Motion for Default should be denied.

    C.    **Peet Frate Has A Meritorious Defense To The Complaint**

Finally, Peet Frate has meritorious defenses to Plaintiffs' Complaint. It has denied material allegations of the Complaint in the Answer and Affirmative Defenses, which it is seeking leave to file contemporaneously with this Response. This third prong of the Rule 55 inquiry is lenient and requires only that a defendant articulate the "nature of [its] defense and provid[e] the factual basis for that defense." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (citing *Pecarsky v. Galaxiworld.com, Ltd*., 249 F.3d 167, 173 (2d Cir. 2001) ("The test of such a [meritorious] defense is measured not by whether there is a likelihood that it will carry the day,

but whether the evidence submitted, if proven at trial, would constitute a complete defense")); *see also Parker v. Scheck Mechanical Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) (defendant's showing of a "meritorious defense" does not require "a definitive showing that the defense will prevail").

Peet Frate has defenses that meet this standard. Peet Frate denies the contractual basis for Plaintiffs' claims as asserted in the Complaint. It denies that it has a contract with Teamsters Local 705 requiring it to make contributions to the Plaintiff Fund and that it has obligations to the Fund under the Fund's Agreement and Declaration of Trust. It also asserts that long before Peet Frate was aware of the Complaint, the parties agreed on settlement terms that included Peet Frate's making a significant down payment, with the balance of the disputed sums to be paid over 12 months. Mullen Affidavit, ¶¶ 11-12. The payment plan was a material and agreed-upon term of the settlement agreement. After Peet Frate made the agreed-upon down payment, Plaintiffs represented that they would send Peet Frate a written agreement memorializing the settlement terms, including the 12-month payment period, but it failed to do so. Mullen Affidavit, ¶¶ 13, 14. Instead, it reneged on the agreement and, unbeknownst to Peet Frate, continued with the lawsuit and filed its Motion for Default.

Despite Plaintiffs' actions, the settlement was and is binding and enforceable. Plaintiffs' claims have been resolved. *See Seko Worldwide, Ltd. liability Co. v. Four Soft Ltd.*, 503 F. Supp. 2d 1059, 1061 (N.D. Ill. 2007) (finding that "the emails between the parties plainly contain an offer and an acceptance" and constituted an enforceable settlement agreement); *Abbott Laboratories v. Alpha Therapeutic Corp.*, 164 F.3d 385, 388 (7th Cir. 1999) ("informal writings between parties can constitute a binding settlement agreement unless the parties decide to expressly condition their deal on the signing of a formal document"). Peet Frate thus has a

meritorious and absolute defense to Plaintiffs' claims, fulfilling the third prong of the Rule 55 inquiry. The Motion for Default should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Entry of Default and Judgment should be denied.

Respectfully submitted,

PEET FRATE LINE, INC.

/s/ *James P. Chivilo*

James P. Chivilo [6273529]
Kenneth A. Jenero [3127217]
Holland & Knight LLP
150 N. Riverside, 27th Floor
Chicago, IL 60606
(312) 715-5895 [James Chivilo Direct Line]
(312) 715-5790 (Kenneth Jenero Direct Line]
Email: James.chivilo@hklaw.com
Email: Kenneth.jenero@hklaw.com