IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOCAL 705 INTERNATIONAL BROTHER-HOOD OF TEAMSTERS PENSION FUND, *et al.*, | |
| Plaintiffs, | CIVIL ACTION |
| | NO. 25 C 1164 |
| vs. | |
| | JUDGE JOAN B. GOTTSCHALL |
| PEET FRATE LINE, INC., an Illinois corporation, | |
| Defendant. | |

**PLAINTIFFS' MOTION TO REOPEN CASE FOR
THE LIMITED PURPOSE OF ENFORCING THE
TERMS OF THE SETTLEMENT AGREEMENT AND RELEASE
AND ENTERING JUDGMENT AGAINST DEFENDANT**

NOW COME Plaintiffs, LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND, *et al.*, by their attorneys, and move the Court for the entry of an order reopening this action for the limited purpose of enforcing the terms of the Settlement Agreement and Release entered into between the parties in June 2025 and filed with this Court as an attachment to the Amended Stipulation of Dismissal on June 30, 2025 [Dkt. 31]. In support of the Motion, Plaintiffs state as follows:

1. This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans collectively known as the Teamsters Local 705 Fringe Benefit Funds, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreement entered into with the Chauffeurs, Teamsters and Helpers Local Union No. 301, an Affiliate of the International Brotherhood of Teamsters, and the Agreement and Declaration of Trust under which the Plaintiff Fund is maintained. Specifically, Plaintiffs allege that Defendant failed to remit payment of contributions for work performed on its

behalf by beneficiaries of the Plaintiff Fund. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. On June 30, 2025, an Amended Stipulation of Dismissal incorporating the terms for settlement agreed to and stipulated by the parties with the attached Settlement Agreement and Release was filed with this Court (a copy of the Amended Stipulation to Dismiss and Settlement Agreement and Release is attached as Exhibit A).

3. On June 30, 2025, Plaintiffs filed an Agreed Motion for Entry of Agreed Order of Dismissal with the Court [Dkt. 32].

4. On July 2, 2025, the parties' Agreed Motion for voluntary dismissal was granted [Dkt. 32] (a copy of the Court's Notification of Docket Entry dated July 2, 2025 is attached as Exhibit B).

5. Pursuant to Schedule A of the Settlement Agreement and Release, Defendant would make several initial payments and then begin the 10-month payment schedule on September 25, 2025.

6. On June 27, 2025, Defendant paid $6,451.94. Defendant failed to pay the second payment of $13,588.17 and the third payment of $13,588.17 would be due on August 26, 2025.

7. Since Defendant breached the terms of the Settlement Agreement and Release, Defendant not only owes the second and third initial payments of $13,588.17 each due on July 27, 2025 and August 26, 2025, but also the full amount due and owing on the 10-month payment schedule, being $54,351.20.

8. Further, Defendant owes $10,000.00 for liquidated damages, which was agreed to by the parties in the event of Defendant's default under the terms of the Settlement Agreement pursuant to Paragraph 6.

9. Defendant also agreed to timely remit its monthly fringe benefit contribution reports and the contributions due thereon during the term of the 10-month payment.

10. Pursuant to the terms of the Settlement Agreement and Release, if the event Defendant breaches the Agreement, the full amount of unpaid payments will be immediately due and payable and the Defendant will be liable to Plaintiffs for damages arising from its breach, including any attorneys' fees and costs incurred in connection with enforcing the Agreement.

11. Pursuant to Paragraph 6 of the Settlement Agreement and Release, the Defendant consents to entry of judgment. Additionally, Plaintiffs will be entitled to enforce the Settlement Agreement and Release or any other statutory or contractual rights they may have against the Defendant relating to enforcement of the Settlement Agreement and Release resulting from Defendant's breach for failure to make payments with the only defense the Defendant may raise is the defense of payment.

12. Nothing contained within the Settlement Agreement and Release requires the Plaintiffs to take legal action in the event of a breach. If the Plaintiffs decide, in their sole discretion, to permit additional time for the Defendant to cure such breach, such allowance by the Plaintiffs of additional time shall not be construed as any waiver of its rights under the Settlement Agreement and Release.

13. Defendant owes the total amount of $91,527.54 due pursuant to the terms of the Settlement Agreement and Release.

14. For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order reopening this action for the limited purpose of enforcing the terms of the Settlement Agreement and Release and entering judgment against the Defendant. Specifically, Plaintiffs request:

    A.    That judgment be entered in favor of Plaintiffs and against Defendant to include the amount of $91,527.54, being the total amount remaining due and owing pursuant to the Settlement Agreement and Release.

    B.    That judgment be entered in favor of Plaintiffs and against Defendant to include $12,306.75 in Plaintiffs' attorneys' fees and costs incurred since June 30, 2024.

    C.    That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/ Destiny A. Collins

Destiny A. Collins
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 W. Adams Street, Suite 1825
Chicago, IL 60606-5250
Bar No.: 6343296
Telephone: (312) 216-2562
Facsimile: (312) 236-0241
E-Mail: dcollins@baumsigman.com

I:\705p\Peet Frate Line Inc\motion to reopen to enforce and enter judgment.dac.df.docx

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document (Plaintiffs' Motion to Reopen Case) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participant on or before the hour of 5:00 p.m. this 22nd day of August 2025:

      Ms. Colleen M. Mullen, Vice President
      Peet Frate Line, Inc.
      PO Box 1129
      Woodstock, IL   60098-1129
      cmullen@peetfrateline.com

      I further certify that on or before the hour of 5:00 p.m. this 22nd day of August 2025, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice to the following CM/ECF participant:

      Mr. James Chivilo
      Holland & Knight, LLP
      150 N. Riverside Plaza, Suite 2700
      Chicago, IL   60606-1571
      James.chivilo@hklaw.com

      /s/  Destiny A. Collins

Destiny A. Collins
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 1825
Chicago, IL  60606-5250
Bar No.: 6343296
Telephone:  (312) 216-2562
Facsimile: (312) 236-0241
E-Mail: dcollins@baumsigman.com

i:\705p\peet frate line inc\motion to reopen to enforce and enter judgment.dac.df.docx